Dear Mr. Harms:
This opinion letter is in response to your request asking whether or not a bank's promotional drawing for a prize is illegal in the State of Missouri. The contest requires a participant to enter a bank and write on a slip of paper his name, address and telephone number and place the entry in a container in the bank lobby. Subsequent to this, there is a drawing in which one of the slips of paper is drawn and the person whose name appears on the paper wins a television set. There is no requirement that a person make a purchase, open an account, deposit any kind of money in the bank or have an active account in order to enter the drawing.
While the laws in Missouri do not define the term "lottery," both statutory and constitutional provisions prohibit it. Missouri Constitution, Article III, Section 39, Subsection 9, Section 563.430, RSMo 1969. The term has received several judicial interpretations from the Missouri courts and has been the subject of opinions of this office. The Supreme Court of Missouri said in State, ex Inf. McKittrick v. Globe DemocratPublishing Company, 340 Mo. 862, 110 S.W.2d 705 (Mo. 1937), that a lottery contains three elements: consideration, prize and chance. In view of the fact that Missouri's prohibition of lotteries is found in the Constitution, these elements should be applied broadly to fulfill the apparent purpose of the prohibition. In Mobil Oil Corporation v. John C. Danforth,455 S.W.2d 505 (Mo. 1970), the Supreme Court held that the element of consideration was present even though participants paid nothing for the right to enter a game of chance in which a prize was awarded. By the facts of that case, going to the place of business to obtain the right to participate was held to be the consideration.
The Mobil Oil decision effectively invalidated the 1963 Amendment of Section 563.430, which provided that a lottery exists only where consideration in the form of money, or its equivalent, is paid to or received by the person awarding the prize. The Mobil Oil case made it clear the Constitutional prohibition against lotteries cannot be changed by the enactment of a law by the legislature.
However, it should be pointed out that the Missouri legislature has proposed a constitutional amendment that will be voted on at the next General Election or at a special election called by the Governor which will permit the voters to decide whether they want to amend the Missouri Constitution and allow promotional contests in which a citizen can participate if there is no money or something of value exchanged directly for the chance of participating in the game. However, this resolution (House Joint Resolution No. 8) as passed by the 79th General Assembly has not been voted upon by the citizens of this state and is not effective at present.
Therefore, it is our view that a contest that requires the entrants to go to the bank in order to obtain an entry blank and in which prizes are awarded based on a drawing from the submitted entry blanks constitutes a lottery within the meaning of Article III, Section 39, Missouri Constitution, and, therefore, is prohibited in Missouri.
Very truly yours,
 JOHN ASHCROFT Attorney General